UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEMENT MASONS AREA 592 HEALTH & WELFARE AND ANNUITY FUNDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXCEL CONSTRUCTION CO., L.L.C., et al., <br><br> Defendants. | Civil Action No. 07-cv-1369 (NLH)(KMW) <br><br> **MEMORANDUM & ORDER** |

**HILLMAN, District Judge**

THIS MATTER having been raised by motion filed by Plaintiffs, Cement Masons Area 592 Health & Welfare and Annuity Funds ("the Funds"), Anthony DiSabato, as Trustee and Fiduciary of the Funds, the Cement Masons Area 699 Pension Fund ("the Pension Fund"), and Joseph Caucci, as Trustee and Fiduciary for the Pension Fund, seeking to enforce a settlement agreement with Defendants, Excel Construction Co., L.L.C., Tycon Construction, Inc., Action Concrete, L.L.C. (collectively, "business entities"), and Thomas M. Youngflesh; and

The Court noting that on or around March 26, 2007, Plaintiffs commenced their lawsuit but, about a year later, filed an amended complaint alleging that Defendants failed to remit requisite contributions to Plaintiffs; and

The Court further noting that Plaintiffs' counsel represented in a letter, dated June 25, 2009, that the parties reached a settlement agreement in principle as to the business entities involved in the

case; and

The Court further noting that Defendants' counsel represented the same in a letter dated October 8, 2009; and

Plaintiffs arguing, in support of their motion to enforce the settlement and enter judgment, that Plaintiffs and Defendants' business entities agreed to enter a consent judgment in the amount of $107,597.05, the total amount of delinquent contributions allegedly owed by the business entities, and that Youngflesh, individually, agreed to enter into a consent judgment in the amount of $25,000; and

Plaintiffs also seeking reasonable attorney's fees and costs pursuant to 29 U.S.C. §§ 1132(g)(2) and 502(g) of the Employee Retirement Income Security Act of 1974; and

Defendants' counsel representing in a letter, filed on or around April 6, 2010, that he had authority to enter into a settlement agreement on behalf of Youngflesh and that "[t]he claim as to Thomas Youngflesh was previously resolved by way of Settlement Agreement between myself and counsel for plaintiffs"; and

Defendants' counsel further explaining in the letter that he attempted to procure Youngflesh's signature for the settlement agreement "to no avail," and that, recently, Youngflesh and his son have been ill; and

Defendants providing no further explanation as to why their settlement agreement with Plaintiffs has not been consummated; and

The Court noting that state law governs the enforcement of settlement agreements in federal court.  <u>Becton v. Piscataqua Trans.</u>,

Inc., 2009 U.S. Dist. LEXIS 87637, at *2 (D.N.J. Aug. 25, 2009). Further, New Jersey strongly favors the settlement of litigation. Maiellano v. World Travel Group, Inc., 2009 U.S. Dist. LEXIS 17803, at *5 (D.N.J. Mar. 9, 2009) (citing Nolan v. Lee Ho, 577 A.2d 143 (1990)) (other citation omitted).  "Indeed, '[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court and even in the absence of a writing.'"  Id. (quoting Cooper-Jarrett, Inc. v. Central Transp., Inc., 726 F.2d 93, 96 (3d Cir. 1984)).  Under New Jersey law, "[a]s long as the parties orally agree to the essential terms, the settlement 'will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges.'"  Id. at *6 (quoting McDonnell v. Engine Dist., 2007 U.S. Dist. LEXIS 70925, at **10-11 (D.N.J. Sept. 24, 2007)); and

   The Court finding that the parties entered into a settlement agreement with Defendants for a total amount of $132,597.05; and

   The Court further finding that there is no dispute concerning that such an agreement, with its essential terms, was crafted by the parties; and

   The Court again finding that Defendants offer no explanation as to why the settlement agreement was not fully executed and consummated, and that they do not proffer any arguments or evidence to contest Plaintiffs' representations; and

   The Court noting that Plaintiffs' entitlement to attorney's fees and costs in spite of the settlement agreement between the parties is

not fully briefed by either party;

Accordingly,

IT IS on this   16th   day of   December   , 2010, hereby

**ORDERED** that Plaintiffs' Motion to Enforce the Settlement and Enter Judgment (Doc. # 49) is **GRANTED**; and it is hereby

**ORDERED** that a judgment be entered against Excel Construction Co., L.L.C., Tycon Construction, Inc., and Action Concrete, L.L.C. for a total amount of $107,597.05; and it is hereby

**ORDERED** that a judgment be entered against Thomas M. Youngflesh for a total amount of $25,000; and it is hereby

**ORDERED** that Plaintiffs' request for attorney's fees and costs is **DENIED, without prejudice**; and it is hereby

**ORDERED** that, if they so choose, Plaintiffs shall have twenty (20) days from the date of this Order to move and submit a letter brief, no more than three pages in length, and an affidavit, detailing the amounts claimed, in support of their motion for attorney's fees and costs; and it is hereby

**ORDERED** that Defendants shall have twenty (20) days from the date of Plaintiffs' submission to respond with no more than a three-page letter brief.

At Camden, New Jersey

/s/ NOEL L. HILLMAN
HON. NOEL L. HILLMAN, U.S.D.J.